1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### IN THE UNITED STATES DISTRICT COURT FOR THE

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **HECTOR HERNANDEZ,** | ) | **CV F 02-5548 WMW HC** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **v.** | ) | **AND ORDER RE PETITION** |
| | ) | **FOR WRIT OF HABEAS** |
| | ) | **CORPUS** |
| **K. MENDOZA-POWERS,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |
| _____ | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  Pursuant to Title 28 U.S.C. § 636(c)(1), the parties

have consented to the jurisdiction of the United States Magistrate Judge.

### PROCEDURAL HISTORY

On December 1, 1998, a complaint was filed in Tulare County Superior Court

charging Petitioner with fifty-five felony sexual counts against a single minor victim.

Petitioner pled no contest to two counts of lewd and lascivious act with a child under age 14,

Penal Code Section 288, (a);[1] four counts of unlawful sexual intercourse with a person under age 16, Section 261.5(d); and one count of lewd and lascivious act with a child age 14 or 15, Section 288(c)(1).   The judge who accepted the plea indicated that the sentence would not exceed 12 years 8 months.  After his motion to withdraw his plea was denied, Petitioner was sentenced to serve a term of 10 years 8 months.

On direct appeal, Petitioner's counsel filed a brief pursuant to People v. Wende, 25 Cal.3d 436 (1979).  The Court of Appeal affirmed the judgment.  Petitioner did not seek review by the California Supreme Court.

Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on February 27, 1001, which the court summarily denied without explanation on June 27, 2001.

On September 2, 2001, Petitioner filed a petition for writ of habeas corpus in the Tulare County Superior Court.  The court denied the petition on October 16, 2001, by letter order explaining "[a]ll issues raised should have been or were raised on appeal.  The transcript clearly shows each and every right was waived."

On October 28, 2001, Petitioner filed another petition for writ of habeas corpus in Tulare County Superior Court.   The court denied the petition on November 1, 2001, specifying that the denial was "with prejudice."

On November 25, 2001, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court.  The court summarily denied the petition on March 27, 2002, with citations to In re Clark, 5 Cal.4th 750 (1993), In re Swain, 34 Cal.2d 300, 304 (1949), and In re Duvall, 9 Cal.4th 464,  474 (1995).

On April 24, 2002, Petitioner filed the present petition.  On October 22, 2002, Respondent moved to dismiss the petition as untimely.  On December 5, 2002, this court entered an order dismissing the petition.  Judgment was entered on December 6, 2002.  On

---

[1]All further statutory references are to the Penal Code.

October 18, 2004, the United States Court of Appeals for the Ninth Circuit, in an unpublished opinion, vacated this court's judgment and remanded the case to this court for further proceedings.

On February 16, 2005, the court entered an order requiring Respondent to respond to the petition by May 23, 2005.  Respondent filed an answer on May 17, 2005, to which Petitioner filed a traverse on June 21, 2005.

## DISCUSSION

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  In addition, the conviction challenged arises out of the Tulare County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), cert. denied, 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9ᵗʰ Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5ᵗʰ Cir.1996), cert. denied, 520 U.S. 1107, 117 S.Ct. 1114 (1997), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed on April 24, 2002,  after the enactment of the AEDPA, thus it is governed by its provisions.

3

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1);

4

1  Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99,

2  116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

3      In cases where the California Supreme Court's opinion is summary in nature, this

4  court "looks through" that decision and presumes it adopted the reasoning of the last state

5  court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n.

6  3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through"

7  presumption that higher court agrees with lower court's reasoning where former affirms latter

8  without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000)

9  (holding federal courts look to last reasoned state court opinion in determining whether state

10  court's rejection of petitioner's claims was contrary to or an unreasonable application of

11  federal law under § 2254(d)(1)).    However, when there is no state court decision articulating

12  a rationale, a reviewing court "has no basis other than the record" for determining whether

13  the state court decision merits deference under 28 U.S.C. § 2254(d)(1). *Delgado,* 223 F.3d at

14  981-82. In such circumstances, a reviewing court can still apply the "objectively reasonable"

15  standard of *Williams* to the state court decision. This does not mean *de novo* review by the

16  federal court, but rather "an independent review of the record is required to determine

17  whether the state court clearly erred in its application of controlling federal law." *Thomas v.*

18  *Hubbard,* 273 F.3d 1164, 1170 (9th Cir.2001); *Bailey,* 263 F.3d at 1028; *Delgado,* 223 F.3d

19  at 982.

20  EXHAUSTION

21      A petitioner who is in state custody and wishes to collaterally challenge his

22  conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28

23  U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives

24  the state court the initial opportunity to correct the state's alleged constitutional deprivations.

25  Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy,

26  455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th

27

28                                                     5

1    Cir. 1988).

2            A petitioner can satisfy the exhaustion requirement by providing the highest state

3    court with a full and fair opportunity to consider each claim before presenting it to the federal

4    court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88

5    F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given

6    a full and fair opportunity to hear a claim if the petitioner has presented the highest state

7    court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct.

8    887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719

9    (1992) (factual basis). Additionally, the petitioner must have specifically told the state court

10   that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at

11   888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner

12   wishes to claim that the trial court violated his due process rights "he must say so, not only in

13   federal court but in state court."  Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general

14   appeal to a constitutional guarantee is  insufficient to present the "substance" of such a

15   federal claim to a state court.  See, Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982)

16   (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an

17   argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct.

18   1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal

19   constitutional guarantee, as well as a statement of the facts which entitle the petitioner to

20   relief.").

21           In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act.

22   Pub.L. No 104-132, 110 Stat. 1214.  Under the AEDPA, exhaustion can be waived by the

23   respondent.  28 U.S.C. § 2254(b)(C).  The court can also excuse exhaustion if "(I) there is an

24   absence of available State corrective process; or (ii) circumstances exist that render such a

25   process ineffective to protect the rights of the application."  28 U.S.C. § 2254(b)(1)(B).

26   //

27

28                                                    6

1    <u>VOLUNTARINESS OF PLEA</u>

2         Petitioner contends that his no contest plea was entered without his having a full

3    understanding of the plea and its consequences, and that the trial court sentenced him before

4    he expressly waived his <u>Boykin/Tahl</u> rights.  Petitioner claims that he was therefore deprived

5    of his right to due process.  Respondent disputes this contention.

6         A plea of guilty is constitutionally valid only to the extent it is "voluntary" and

7    "intelligent." <u>Brady v. United States</u>, 397 U.S. 742, 748 (1970). In determining whether a

8    plea was knowingly, voluntarily and intelligently made, a reviewing court must accord a

9    strong presumption of verity to the declarations made by a defendant in open court.

10   <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977).  "[R]epresentations [made by] the defendant,

11   his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge

12   accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."

13   <u>Id</u>. at 73-74.  Furthermore, Petitioner's allegations of a coerced plea must be specific and

14   point to a real possibility of a constitutional violation. "[S]ubsequent presentation of

15   conclusory allegations unsupported by specifics is subject to summary dismissal, as are

16   contentions that in the face of the record are wholly incredible." <u>Id</u>. at 74, *citing* <u>Machibroda</u>

17   <u>v. United States</u>, 368 U.S. 487, 495-496 (1962); <u>Price v. Johnston</u>, 334 U.S. 266, 286-287

18   (1948).

19        In the present case, Petitioner presented this contention to the California Supreme

20   Court, which denied it without explanation on June 27, 2001.  This court looks through that

21   silent denial to the decisions of the Superior Court, which twice found that Petitioner waived

22   "each and every right."   <u>See</u> <u>Ylst v. Nunnemaker</u>, 501 U.S. at 804-05 & n. 3 (1991).  This

23   court finds that Petitioner's claim that he was sentenced before he waived his rights is clearly

24   without merit, because, as found by the Superior Court, the transcript of the change of plea

25   hearing shows that he expressly waived his <u>Boykin/Tahl</u> rights.   Accordingly, this court

26   finds that Petitioner has failed to carry his burden of demonstrating that the adjudication of

27

28                                           7

this claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).   Accordingly, the court finds that this claim provides no basis for habeas corpus relief.

ACTUAL INNOCENCE

Petitioner contends that his confinement is unconstitutional because he is actually innocent of the crimes of which he was convicted.  Respondent disputes this contention as a basis for habeas corpus relief, arguing that an actual innocence claim is not cognizable after a guilty plea and, further, is not cognizable in federal habeas as a free-standing claim

The United States Supreme Court, in Tollett v. Henderson, 411 U.S. 258, 266 (1973), held that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."

By pleading guilty, a defendant waives the right to a jury trial, to confront one's accusers, to compel the attendance of witnesses, and generally to challenge the evidence that he committed the offense.  See Boykin, 395 U.S. 238, 89 S.Ct. 1709.  Typically, one who enters a valid guilty plea, cannot on habeas corpus challenge pre-plea constitutional violations. Tollett v. Henderson, 411 U.S. at 266-67;  see also Moran v. Godinez, 57 F.3d 690, 700 (9th Cir.1994) ("As a general rule, one who voluntarily pleads guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations"). Such a petitioner may only contend that his guilty plea was not voluntary and intelligent (see e.g., Hill v. Lockhart, 474 U.S. 52, 56 (1985); Boykin v. Alabama, 395 U.S. 238, 242-43 (1969)) or challenge the assistance of counsel under the Sixth Amendment. See, e.g.,  McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449 (1970); Tollett, 411

8

U.S. at 267, 93 S.Ct. at 1608; <u>Hudson</u>, 760 F.2d at 1030.

In the present case, Petitioner's claim of actual innocence is a pre-plea matter which is barred by <u>Tollet</u>.  Further, claims of actual innocence are not cognizable in federal habeas corpus except as a way to show a "fundamental miscarriage of justice" to overcome an otherwise valid procedural bar to a claim.  <u>See</u> <u>Herrera v. Collins</u>, 506 U.S. 390, 404 (1993).  Substantive actual innocence claims are not available in non-capital cases.  <u>Coley v. Gonzalez</u>, 55 F.3d 1385, 1387 (9th Cir. 1995).   This is the claim that Petitioner is attempting to make. Under the AEDPA, exhaustion can be waived by respondent. 28 U.S.C. Section 2254(b)(C).  Because Respondent does not mention the fact that Petitioner has not presented this claim to the California Supreme Court, the court finds that Respondent has waived exhaustion as to this claim.

After conducting an independent review of the record, the court concludes, based on the above, that Petitioner has failed to carry his burden of demonstrating that the adjudication of this claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).   Accordingly, the court finds that this claim provides no basis for habeas corpus relief.

<u>ARREST WARRANT</u>

Petitioner contends that he was denied his Constitutional right to due process because his arrest warrant was not signed by a "neutral and detached magistrate," in violation of state law.  As set out above, following a guilty plea,  federal habeas corpus will not lie for pre-plea violations.  <u>Tollet</u>, 411 U.S. 258.  Further, Petitioner's claim is based on an alleged Fourth Amendment violation.  Federal habeas corpus relief does not lie for Fourth Amendment violations.  <u>Stone v. Powell</u>, 428 U.S. at 465.  Because Respondent does not mention the fact

9

1   that Petitioner has not presented this claim to the California Supreme Court, the court finds

2   that Respondent has waived exhaustion as to this claim.

3       After conducting an independent review of the record, the court concludes, based on

4   the above, that Petitioner has failed to carry his burden of demonstrating that the adjudication

5   of this claim "resulted in a decision that was contrary to, or involved an unreasonable

6   application of, clearly established Federal law, as determined by the Supreme Court of the

7   United States;" or "resulted in a decision that was based on an unreasonable determination of

8   the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C.

9   § 2254(d).   Accordingly, the court finds that this claim provides no basis for habeas corpus

10  relief.

11  PERJURED TESTIMONY

12      Petitioner claims that the prosecutor knowingly used perjured testimony to obtain

13  Petitioner's conviction, and that this violated Petitioner's right to a fair trial under the Sixth

14  Amendment.   Again, this is a pre-plea matter which is barred from consideration on federal

15  habeas corpus by Tollet.   Further, the court finds that, as Respondent argues, this claim has

16  no factual basis.   The prosecution did not use any testimony to obtain Petitioner's conviction

17  - Petitioner pleaded guilty.   Because Respondent does not mention the fact that Petitioner has

18  not presented this claim to the California Supreme Court, the court finds that Respondent has

19  waived exhaustion as to this claim.

20      After conducting an independent review of the record, the court concludes, based on

21  the above, that Petitioner has failed to carry his burden of demonstrating that the adjudication

22  of this claim "resulted in a decision that was contrary to, or involved an unreasonable

23  application of, clearly established Federal law, as determined by the Supreme Court of the

24  United States;" or "resulted in a decision that was based on an unreasonable determination of

25  the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C.

26  § 2254(d).   Accordingly, the court finds that this claim provides no basis for habeas corpus

27

28                                  10

1    relief.

2    INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

3           Petitioner contends that his trial counsel was ineffective for failing to adequately

4    investigate and failing to be a true advocate for Petitioner.  Petitioner previously raised this

5    contention in petition for writ of habeas corpus filed in the California Supreme Court on

6    March 2, 2001.   The court denied that petition without explanation on June 27, 2001.  No

7    lower court provided a reasoned explanation for its decision on this issue.

8           The law governing ineffective assistance of counsel claims is clearly established for

9    the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d).  Canales v.

10   Roe, 151 F.3d 1226, 1229 (9th Cir. 1998.)  In a petition for writ of habeas corpus alleging

11   ineffective assistance of counsel, the court must consider two factors.  Strickland v.

12   Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Lowry v. Lewis, 21 F.3d 344,

13   346 (9th Cir. 1994).  First, the petitioner must show that counsel's performance was deficient,

14   requiring a showing that counsel made errors so serious that he or she was not functioning as

15   the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687.  The

16   petitioner must show that counsel's representation fell below an objective standard of

17   reasonableness, and must identify counsel's alleged acts or omissions that were not the result

18   of reasonable professional judgment considering the circumstances. Id. at 688; United States

19   v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).  Judicial scrutiny of counsel's

20   performance is highly deferential.  A court indulges a strong presumption that counsel's

21   conduct falls within the wide range of reasonable professional assistance.  Strickland, 466

22   U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th

23   Cir.1994).

24          Second, the petitioner must demonstrate that "there is a reasonable probability that,

25   but for counsel's unprofessional errors, the result ... would have been different," 466 U.S., at

26   694. Petitioner must show that counsel's errors were so egregious as to deprive defendant of a

27

28                                                    11

1    fair trial, one whose result is reliable.  Strickland, 466 U.S. at 688.  The court must evaluate

2    whether the entire trial was fundamentally unfair or unreliable because of counsel's

3    ineffectiveness.  Id.; Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d

4    1356, 1461 (9th Cir. 1994).

5            A court need not determine whether counsel's performance was deficient before

6    examining the prejudice suffered by the petitioner as a result of the alleged deficiencies.

7    Strickland, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984).  Since the petitioner  must

8    affirmatively prove prejudice, any deficiency that does not result in prejudice must

9    necessarily fail. However, there are certain instances which are legally presumed to result in

10   prejudice, e.g., where there has been an actual or constructive denial of the assistance of

11   counsel or where the State has interfered with counsel's assistance. See Strickland, 466 U.S.

12   at 692; United States v. Cronic, 466 U.S., at 659, and n. 25, 104 S.Ct., at 2046-2047, and n.

13   25 (1984).

14           Ineffective assistance of counsel claims are analyzed under the "unreasonable

15   application" prong of Williams v. Taylor, 529 U.S. 362 (2000).  Weighall v. Middle, 215

16   F.3d 1058, 1062 (2000).

17           In the present case, Petitioner alleges various deficiencies in trial counsel's

18   representation of him which occurred before he entered his plea.   Ineffectiveness claims as

19   to pre-plea matters, however, are barred by Tollet.   Petitioner does make one post-plea claim

20   in which he argues that counsel was unprepared in handling his motion to withdraw his

21   guilty plea. A copy of  the transcript of the hearing at which that motion was made is

22   attached to the petition.  The court finds that trial counsel presented a cogent argument in

23   support of the motion, emphasizing that the alleged victim had completely changed her story

24   as to what had occurred.   Moreover, the court finds that Petitioner has utterly failed to

25   demonstrate that had trial counsel presented further arguments in support of the motion to

26   withdraw petitioner's  plea, the outcome would have been different.  The court finds that, as

27

28                                         12

1   Respondent argues, the comments of the trial judge indicate that he was unconvinced that

2   there was any factual basis for the withdrawal of the plea.  Petition, Exhibit B, 32 - 36.

3   Further, Petitioner has alerted the court to no such basis in either his petition or in his

4   traverse.  Petitioner merely speculates that further investigation by trial counsel would have

5   uncovered facts contrary to what was presented in the presentence report.  Petitioner's

6   version of the facts was, however, argued to the court at the hearing on the motion.

7          After conducting an independent review of the record, the court concludes, based on

8   the above, that Petitioner has failed to carry his burden of demonstrating that the adjudication

9   of this claim "resulted in a decision that was contrary to, or involved an unreasonable

10  application of, clearly established Federal law, as determined by the Supreme Court of the

11  United States."  28 U.S.C. § 2254(d).   Accordingly, the court finds that this claim provides

12  no basis for habeas corpus relief.

13  INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

14         Petitioner contends that he received ineffective assistance of appellate counsel

15  because his appellate counsel filed a brief pursuant to People v. Wende, 25 Cal.3d 436

16  (1979).  Petitioner raised this issue in his petition for writ of habeas corpus filed in the

17  California Supreme Court on November 29, 2001, which was denied with citations to In re

18  Clark; In re Swain, and In re Duvall.  Respondent does not argue that Petitioner's claim of

19  ineffective assistance of appellate counsel is procedurally barred.

20         Effective assistance of appellate counsel is guaranteed by the Due Process Clause of

21  the Fourteenth Amendment.  Evitts v. Lucey, 469 U.S. 387, 391-405 (1985).  Claims of

22  ineffective assistance of appellate counsel are reviewed according to Strickland's

23  two-pronged test.  Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir.1989); United States v.

24  Birtle, 792 F.2d 846, 847 (9th Cir.1986); See, also, Penson v. Ohio, 488 U.S. 75, 109 S.Ct.

25  346, 353-54 (1988) (holding that where a defendant has been actually or constructively

26  denied the assistance of appellate counsel altogether, the Strickland standard does not apply

27

28                                              13

1   and prejudice is presumed; the implication is that <u>Strickland</u> does apply where counsel is

2   present but ineffective).

3        To prevail, Petitioner must show two things.  First, he must establish that appellate

4   counsel's deficient performance fell below an objective standard of reasonableness under

5   prevailing professional norms.   <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 104 S.Ct.

6   2052, 2064 (1984).  Second, Petitioner must establish that he suffered prejudice in that there

7   was a reasonable probability that, but for counsel's unprofessional errors, she would have

8   prevailed on appeal. <u>Id</u>. at 694. A "reasonable probability" is a probability sufficient to

9   undermine confidence in the outcome. <u>Id</u>. The relevant inquiry is not what counsel could

10  have done; rather, it is whether the choices made by counsel were reasonable. <u>Babbitt v.</u>

11  <u>Calderon</u>, 151 F.3d 1170, 1173 (9th Cir.1998). The presumption of reasonableness is even

12  stronger for appellate counsel because he has wider discretion than trial counsel in weeding

13  out weaker issues; doing so is widely recognized as one of the hallmarks of effective

14  appellate assistance. <u>Miller v. Keeney</u>, 882 F.2d 1428, 1434 (9th Cir.1989).  Appealing every

15  arguable issue would do disservice to the Petitioner because it would draw an appellate

16  judge's attention away from stronger issues and reduce appellate counsel's credibility before

17  the appellate court. <u>Id</u>.  Appellate counsel has no constitutional duty to raise every

18  nonfrivolous issue requested by petitioner. <u>Id</u> at 1434 n10 (*citing* <u>Jones v. Barnes</u>, 463 U.S.

19  745, 751-54, 103 S.Ct. 3308 (1983)).

20       In this case, the Court of Appeal agreed with appellate counsel that there were no

21  arguable issues, stating:

22       Our independent review of the present record failed to disclose any reasonably
         arguable issues.  A reasonably arguable issue is one which (1) "must have a
23       reasonable potential for success" and (2) is "such that, if resolved favorably to the
         appellant, the result with either be a reversal or a modification of the judgment."
24       (*People v. Johnson*, 123 Cal.App.3d 106, 109 (1980).)

25  Unpublished Opinion in case number F032480, filed March 2, 2000.  The issue which

26  Petitioner contends should have been raised on appeal is the trial court's denial of his

27

28                                          14

1    Marsden motion.   This court has examined the transcript of the Marsden hearing provided as

2    Exhibit A to the petition.   The trial court explained the basis of its decision in denying the

3    motion to Petitioner, particularly about Petitioner's desire to present witnesses at the

4    preliminary hearing.   This court finds nothing in the transcript which raises a reasonably

5    arguable issue for appeal.   See People v. Johnson, 123 Cal.App.3d at 109.    The court finds,

6    therefore, that Petitioner has failed to carry his burden of demonstrating that the adjudication

7    of this claim "resulted in a decision that was contrary to, or involved an unreasonable

8    application of, clearly established Federal law, as determined by the Supreme Court of the

9    United States." 28 U.S.C. § 2254(d).   Accordingly, the court finds that this claim provides

10   no basis for habeas corpus relief.

11

12

13                                        **ORDER**

14          Based on the foregoing, IT IS HEREBY ORDERED as follows:

15   1)    The petition for writ of habeas corpus is DENIED; and

16   2)    The Clerk of the Court is directed to ENTER JUDGMENT  for Respondent and to

17          CLOSE this case.

18

19

20

21

22

23

24

25

26

27

28                                            15

1

2

3

4

5

6

7

8     IT IS SO ORDERED.

9     **Dated:    August 29, 2005**              _____/s/  **William M. Wunderlich**_____
      mmkd34                               UNITED STATES MAGISTRATE JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    16